UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LYNNE M. R.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 3:22-cv-05411-TMC

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff Lynne M. R. seeks review of the denial of her applications by Defendant, the Commissioner of Social Security, for Disability Insurance Benefits ("DIB") under Title II and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Plaintiff contends the Administrative Law Judge ("ALJ") erred by rejecting her symptom testimony and improperly evaluating medical opinion evidence. Dkt. 19. Plaintiff also contends new evidence submitted to the Appeals Council after the ALJ issued his decision indicates the ALJ's findings are not supported by substantial evidence.[1] *Id*. at 7. As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS for further administrative proceedings under

---

[1] Plaintiff's Opening Brief does not entirely comply with the briefing requirements provided in the Court's Scheduling Order, as Plaintiff did not list this third argument on the first page of the brief. *See* Dkts. 16 at 2; 19 at 1. In the future, counsel shall take care to review and comply with the Court's briefing requirements.

ORDER REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS - 1

sentence four of 42 U.S.C. § 405(g).

## I. PROCEDURAL HISTORY

Plaintiff protectively filed applications for DIB and SSI in January 2018, alleging an onset date of June 4, 2017. Administrative Record ("AR")[2] 103–04, 120–21, 139–40, 158–59. After her applications were denied upon initial review and on reconsideration by the Social Security Administration, Plaintiff requested a hearing before an ALJ in April 2019. AR 118, 135, 156, 175, 248–60.

In October 2019, ALJ Allen Erickson held a hearing on Plaintiff's claims and issued a decision in November 2019 finding Plaintiff not disabled. AR 47, 192. The Appeals Council granted Plaintiff's request to review the ALJ's November 2019 decision and sent Plaintiff's case back to the ALJ to further consider Plaintiff's use of an assistive device. AR 199–205.

ALJ Erickson held a second hearing in March 2021 and issued a second decision in April 2021, again finding Plaintiff not disabled. AR 9–100. Plaintiff now seeks this Court's review of the ALJ's April 2021 decision.

## II. LEGAL STANDARD

**A.     Standard of Review**

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court

---

[2] The Administrative Record in this case refers to Dkt. 15.

"may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**B.    The "Disabled" Determination**

To determine whether a claimant is disabled within the meaning of the Social Security Act (and, therefore, eligible for benefits), an ALJ follows a five-step sequential evaluation pursuant to 20 C.F.R. §§ 404.1520(a) and 416.920(a): (1) the claimant must not be engaged in "substantial gainful activity"; (2) the claimant's impairment or combination of impairments must be severe enough to significantly limit the claimant's "physical or mental ability to do basic work activities"; (3) the claimant's impairment(s) must meet or equal the criteria of an impairment in the "Listing of Impairments" ("Listings"); (4) the claimant's residual functional capacity ("RFC") is assessed and the claimant must not be able to perform their "past relevant work"; and (5) the claimant must not be able to make an adjustment to other work. *See Ford*, 950 F.3d at 1148 (same). If the claimant fails to make the required showing at any of these steps, the ALJ's inquiry ends, and the claimant is found not to have a disability under the Social Security Act. The burden of proof is on the claimant at steps one through four but shifts to the agency at the fifth step to prove that "the claimant can perform a significant number of other jobs in the national economy." *Id.* at 1149 (citation omitted).

### III.    DISCUSSION

In this case, the ALJ determined that: (1) Plaintiff has not engaged in substantial gainful activity; (2) Plaintiff's impairments—major depressive disorder, anxiety disorder, lumbar degenerative disc disease, and degenerative joint disease—are severe enough to significantly limit the claimant's "physical or mental ability to do basic work activities"; (3) Plaintiff's impairments do not meet or equal the criteria of an impairment in the Listings; (4) Plaintiff has

the RFC to perform light work with limitations based on evaluation of Plaintiff's symptom testimony and the medical opinion evidence; and (5) there are jobs that exist in significant number in the national economy Plaintiff can perform. AR 15–33. Therefore, the ALJ concluded that Plaintiff is not disabled. AR 33.

Plaintiff challenges the ALJ's evaluation of her symptom testimony and the medical opinion evidence. Dkt. 19 at 2–6. Plaintiff also contends new evidence submitted to the Appeals Council undermines the ALJ's determination. *Id*. at 7. After reviewing the record, the Court finds the ALJ's evaluations are not supported by substantial evidence and that part of the new evidence submitted by Plaintiff undermines the ALJ's overall determination. Accordingly, the Court reverses the ALJ's decision.

**A.   Plaintiff's Symptom Testimony**

Plaintiff first contends the ALJ erred by rejecting her symptom testimony and by failing to include her use of a cane in her RFC. Dkt. 19 at 2–6.

In the October 2019 hearing, Plaintiff testified that due to her bulging discs and degenerative disc disorder, she can only stand or walk for five to 10 minutes and sit upright for half an hour, and she must lie down for 50 percent of an eight-hour day.³ AR 56, 6971–726. She stated she cannot use the stairs or carry anything heavier than a half-gallon jug of milk. AR 62, 69. She explained she can perform household chores for only about 10 minutes and needs to use a shower stool because it is difficult for her to stand for long periods of time. AR 76. She stated

---

³ Plaintiff also testified about her mental health symptoms. *See* AR 56–60, 74–75. However, because Plaintiff only challenged the ALJ's evaluation of her physical health symptoms in her Opening Brief, the Court does not address the ALJ's evaluation of Plaintiff's mental health testimony. *Carmickle v. Comm'r, Soc. Sec. Admin*., 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address an ALJ's finding because the plaintiff "failed to argue th[e] issue with any specificity in his briefing").

ORDER REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS - 4

she takes medication and has participated in physical therapy, but they have only been somewhat helpful. AR 58.

In the March 2021 hearing, Plaintiff stated her symptoms have not changed, but she has been taking more medication than before. AR 90. She also stated her arthritis and left hip have worsened. *Id*. She stated she uses a cane to walk around and to get in and out of a car, and she cannot be on her feet for any time without one. AR 91.

Where, as here, an ALJ determines that a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity "by offering specific, clear and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

The ALJ first rejected Plaintiff's testimony regarding her physical symptoms based on her treatment. AR 22. Specifically, the ALJ found that Plaintiff's decision to continue with medication and physical therapy throughout the relevant period suggested that "her pain was not substantial enough to compel her to pursue all avenues for relief." *Id.* An ALJ is permitted to infer that a claimant's allegations of pain are not as disabling when the claimant fails to seek an aggressive or alternative treatment after finding other measures ineffective. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Here, the ALJ pointed out that despite Plaintiff's alleged "widespread pain resistan[ce] to medication," Plaintiff has only tried therapeutic injections, instead of pursuing surgery. AR 22 (citing AR 759).

The Court notes Plaintiff testified that her doctor does not believe surgery is required yet

and instead recommended physical therapy. *See* AR 94–95. The ALJ did not point to any evidence in the record to refute this, so the Court finds the ALJ's reasoning lacking; Plaintiff's failure to pursue surgery does not undermine her symptom testimony if her doctor did not recommend surgery as an alternative treatment.

The ALJ also found that Plaintiff's statements about her medication's ineffectiveness contradicted with Plaintiff's own reports in the record that she found them to be helpful. AR 22 (citing AR 1102, 1112). An ALJ can consider the effectiveness of medication when determining a claimant's credibility. *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). However, the ALJ's characterization of Plaintiff's report of improvement is not entirely accurate, because while Plaintiff did state that one medication was helping, she also stated she was taking the other "more than usual," indicating her increased reliance on it. *See* AR 1102. The ALJ similarly concluded that Plaintiff's physical therapy session notes undermined her testimony. AR 22–24 (citing AR 718, 730, 735, 750, 764, 1087, 1093, 1099, 1105, 1112). However, the ALJ's reliance on these notes is unavailing. While Plaintiff did report improvement by the end of her sessions, the record also shows that nearing her discharge from therapy, Plaintiff still reported difficulty getting in and out of her car due to lower back pain. AR 1062.

The ALJ also rejected Plaintiff's testimony based on objective medical evidence. AR 22–23. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498. Here, the ALJ pointed out that Plaintiff presented with stable gait and attended appointments carrying her cane, instead of using it. AR 22–24 (citing AR 718, 730, 735, 750, 764, 1087, 1093, 1099, 1105, 1112, 1202). The Court finds the ALJ's emphasis on Plaintiff carrying her cane—rather than using it—misplaced considering she was noted as doing so only

ORDER REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS - 6

twice during the relevant period, and her ability to carry the cane briefly during an appointment is not inconsistent with the need for it described in her testimony. *Compare* AR 797, 803, 850, 1019 *with* AR 716, 718. That Plaintiff also had a stable gait during some appointments also does not necessarily contradict the mobility difficulties she testified to, and a closer look at the evidence—including those cited by the ALJ—show her treating sources either noted abnormalities in her gait or show she had deficiencies in her lower extremity and range of motion. *See* AR 750–52, 792–93, 859–61, 921.

Overall, the Court finds the ALJ's rejection of Plaintiff's testimony not supported by substantial evidence. Further, because an ALJ's evaluation of a claimant's symptom testimony affects a claimant's RFC, the ALJ must reevaluate Plaintiff's RFC on remand. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("[A]n RFC that fails to take into account a claimant's limitations is defective.").

### B.    Marsha K. Hiller, PT

Plaintiff also contends the ALJ erred in rejecting the medical opinion of Marsha K. Hiller, PT. Dkt. 19 at 6.

For applications filed on or after March 27, 2017, medical opinion evidence from all medical sources is weighed according to the factors set forth in 20 C.F.R. §§ 404.1520c and 416.920c. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022). Under the new regulations, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." *Id.*; 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See id.*; 20 C.F.R.

§§ 404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2). "[U]nder the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

In February 2021, Ms. Hiller completed a functional capacity evaluation of Plaintiff. AR 1216–20. Ms. Hiller found that Plaintiff is limited to light strength work, as well as the following limitations: no standing for more than five minutes continuously, no walking at all, no pushing more than 75 pounds, no pulling more than 50 pounds, no balancing activities that require crouching, no climbing stairs, no crouching, no stooping, no kneeling, and no crawling. AR 1219. The ALJ found Ms. Hiller's opinion supported by her own examination results but nonetheless rejected it for inconsistency with the record. AR 24–25. The ALJ's assessment is not completely supported by substantial evidence.

The ALJ explained that Ms. Hiller's opinion contrasted with other evaluations in the record because they consistently included lesser restrictions. AR 25. The ALJ accurately stated that the opinions of Dr. Deem, Dr. Koukol, and Dr. Platter differed from Ms. Hiller's, as they all generally opined Plaintiff could sit, stand, and/or walk for six hours in an eight-hour workday; lift at least 10 pounds frequently and 20 pounds occasionally; occasionally or frequently balance; frequently crouch; and frequently crawl. *See* AR 25, 112–13, 129–30, 150–51, 169–70, 719. In making an inconsistency finding, the ALJ also cited to Dr. Libre's physical examination findings from the same month, showing Plaintiff had normal extremities and gait. AR 24 (citing AR 1111–12). The ALJ again focused on a November 2020 therapy session where Plaintiff was described as having carried her cane, instead of using it, and observed as having "stable gait, no abnormal movements." AR 22 (citing AR 1202). The ALJ also explained Ms. Hiller's opinion is contradictory to Plaintiff's "longitudinal trends stretching back many years." AR 25.

ORDER REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS - 8

However, as discussed in the previous section, that Plaintiff decided to carry her cane on a few brief occasions does not necessarily detract from her physical limitations, given that the bulk of records concerning Plaintiff's use of a cane show she was using it to walk. AR 797, 803, 850, 1019. The Court has also found Plaintiff's occasional normal gait findings unconvincing, given the records showing lower extremity weakness or numbness, despite her gait. Thus, in rejecting Ms. Hiller's opinion for its inconsistency with the record, the ALJ erred.

The ALJ also considered Ms. Hiller's status as a physical therapist, as opposed to a physician, and the fact that her evaluation was a one-time occurrence. AR 24. While these are factors an ALJ can consider when weighing the persuasiveness of a medical opinion, the regulations make it clear that supportability and consistency are the most important. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Given that the Court has found the ALJ's inconsistency finding was not supported by substantial evidence, Ms. Hiller's status and treatment relationship with Plaintiff alone are not sufficient bases the ALJ may use to reject Ms. Hiller's opinion.

In addition to making an inconsistency finding, the ALJ noted that Ms. Hiller's opinion reflected Plaintiff's functional status "on February 25, 2021." AR 24 (citing AR 1217). The ALJ explained that even if Ms. Hiller's opinion were persuasive, it would only show Plaintiff was disabled for less than three months, rather than the required 12-month duration under the regulations. AR 24; *see* AR 9; 20 C.F.R. §§ 404.1505, 416.905. But Ms. Hiller indicated Plaintiff's onset date was September 1, 2013, and merely stating that Plaintiff had a certain functional status on a particular day does not mean Plaintiff did not have that functional status before, especially since Ms. Hiller explained that Plaintiff had been attending sessions with her clinic since October 2020. *See* AR 1216, 1220 ("[Plaintiff] has been attending physical therapy sessions at our clinic since October 13, 2020 and seen on a weekly basis. Based on her capacity

ORDER REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS - 9

today and her medical history it would be very difficult for her to hold any type of gainful employment."). In sum, the Court finds the ALJ erred in rejecting Ms. Hiller's opinion.

C.     **New Evidence**

Plaintiff submitted new evidence after the ALJ issued his decision in April 2021, but the Appeals Council found it did "not show a reasonable probability that it would change the outcome of the [ALJ's] decision." AR 2.

This Court is required to evaluate this evidence to determine whether the ALJ's decision is supported by substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159–60 (9th Cir. 2012) (holding when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence). Such "evidence is material if it 'bear[s] directly and substantially on the matter in dispute,' and if there is a 'reasonabl[e] possibility that the new evidence would have changed the outcome of the . . . determination.'" *Bruton v. Massanari,* 268 F.3d 824, 827 (9th Cir. 2001) (alterations and omission in original) (quoting *Booz v. Sec'y of Health & Human Servs.,* 734 F.2d 1378, 1380 (9th Cir. 1984)).

The new evidence in question includes a letter from Ms. Hiller dated June 8, 2021 and an electromyography (EMG) report dated December 4, 2018. AR 8; Dkt. 19-2 at 6–11. In her letter, Ms. Hiller wrote that Plaintiff used a standard cane when entering and exiting the building throughout her sessions, had intermittent pain and weakness that made her unstable, and that she recommended that Plaintiff have a cane "available at all times." AR 8. The letter reflects Plaintiff's testimony and Ms. Hiller's opinion, both of which the Court has found the ALJ

improperly rejected. Therefore, the letter could reasonably undermine the ALJ's overall decision.

However, the Court cannot say the same for the EMG report, as it found that Plaintiff's nerves and extremities were normal. Dkt. 19-2 at 7. Plaintiff also does not explain why the report is enough to reverse the ALJ's decision. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)) (holding that the party challenging an administrative decision bears the burden of proving harmful error). But in any case, the Court has found the ALJ erred in evaluating Plaintiff's testimony and Ms. Hiller's opinion, and Ms. Hiller's letter could further undermine the ALJ's decision. Therefore, the Court finds remanding for further proceedings necessary.

D.     **Scope of Remedy**

Plaintiff contends the ALJ's errors warrant reversal for immediate award of benefits, or alternatively, for further proceedings. Dkt. No. 19 at 7.

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must "determine whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find

ORDER REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS - 11

the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

Here, the Court has found only the first step satisfied—that the ALJ erred in evaluating Plaintiff's testimony and Ms. Hiller's medical opinion. The second step is not satisfied because both Plaintiff's testimony and Ms. Hiller's medical opinion are contradicted by other medical evidence, and there remains a conflict in Plaintiff's record. *See* AR 112–13, 129–30, 150–51, 169–70, 719. Accordingly, the Court declines to proceed to the third step. *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("[T]he district court must 'assess whether there are outstanding issues requiring resolution *before* considering whether to hold that [the rejected evidence] is credible as a matter of law.'") (quoting *Treichler*, 775 F.3d at 1105). Further, such conflicts are for the ALJ to resolve. *Garrison,* 759 F.3d at 1010; *see also Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."). Plaintiff also has not analyzed the factors the Court considers before remanding for an award of benefits, nor shown any rare circumstances. Therefore, the Court finds remanding for further proceedings is the more appropriate remedy.

On remand, the ALJ shall reevaluate Plaintiff's testimony and Ms. Hiller's opinion and evaluate Ms. Hiller's letter. The ALJ shall reevaluate all relevant steps of the disability evaluation process and conduct all proceedings necessary to reevaluate the disability determination in light of this order.

### IV.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 17th day of October, 2023.

Tiffany M. Cartwright
United States District Court Judge